**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

William J. Carey

    v.                                                     Civil No. 06-cv-479-PB

Wrenn, et al.

**O R D E R**

     Pro se plaintiff William J. Carey has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution (document nos. 4, 16 and 17-19).[1]  Seeking declaratory, injunctive and monetary relief, he brings this action against William L. Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), David Sullivan, New Hampshire Superior Court Judge and several employees of the New Hampshire State Prison ("NHSP") and the Northern New Hampshire Correctional Facility ("NCF").[2]

---

[1] The amended complaint (document no. 19) supercedes all previous complaints (document nos. 1, 6-7 and 13-15) filed by Carey.

[2] The following NHSP employees are named as defendants: Gregory Crompton, former Deputy Warden of the NHSP; Kimberly Lacasse, Classification Supervisor; Richard Manseau,

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I conclude that Carey has alleged the following claims: (1) an Eighth Amendment denial of adequate medical care claim against Lacasse, Manseau and Watson; and (2) a First and Fourteenth Amendment retaliation claim against Watson, Blaisdell, Crompton and Wrenn.  I recommend dismissal of all remaining claims.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint be served on the defendants.  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document nos. (document nos. 4, 16 and 17-19).  See LR 4.3(d)(2)(C).  Within

---

Classification Department; Robert Thyng, Unit Manager; and Henry Lemieux, Dentist.  The following NCF employees are named as defendants: Lawrence Blaisdell, Acting Warden; and Michelle Watson, Case Manager.

thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's Office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorneys, pursuant to Fed. R. Civ. P. 5(b).

    **SO ORDERED.**

                                          /s/ James R. Muirhead
                                          James R. Muirhead
                                          United States Magistrate Judge

Date: May 15, 2007

cc:   William J. Carey, pro se