UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


William J. Carey

    v.                                    Civil No. 06-479-PB

N.H. Dept. of Corrections,
William Wrenn, et al.


REPORT AND RECOMMENDATION

    Pro se plaintiff William J. Carey ("Carey") brought this action against a New Hampshire state judge, the New Hampshire Department of Corrections ("NHDOC"), and some of its employees, pursuant to 42 U.S.C. § 1983, to challenge several conditions of his confinement at the Northern Correctional Facility ("NCF") of the New Hampshire State Prison ("NHSP").  Although plaintiff moved for preliminary injunctive relief (document nos. 3 & 9), he also filed an amended complaint, which, pursuant to statutory mandate, was reviewed prior to any consideration of the preliminary injunction motions.  See 28 U.S.C. § 1915A (requiring the court to review as soon as practicable complaints filed by prisoners against governmental entities and employees to determine whether the action may proceed).  That preliminary

review determined plaintiff had stated a retaliation claim, which plaintiff sought to remedy by obtaining a preliminary injunction.[1]  The preliminary injunction motions were then referred to me for a recommendation of disposition.  See 28 U.S.C. § 636(b)(1)(B).  An evidentiary hearing on the motions was held on August 29, 2007.  As explained more fully below, I recommend that plaintiff's motions for a preliminary injunction (document nos. 3 & 9) be denied.

## Discussion

To justify the extraordinary relief of a preliminary injunction, plaintiff bears the burden of establishing that an injunction is necessary to prevent irreparable harm and to preserve the status quo, to enable a meaningful disposition upon full adjudication of his claims.  See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996) (finding irreparable harm where legal remedies are inadequate); see also CMM Cable Rep. v. Ocean Coast Props., 48 F.3d 618, 620-1 (1st Cir. 1995) (explaining the purpose of enjoining certain conduct

---

[1] The preliminary review also found plaintiff had alleged the minimal facts necessary to state a claim for denial of adequate medical care, in violation of the Eight Amendment; however, plaintiff does not seek injunctive relief to redress that claim, apparently because, based on the facts alleged, the NHSP attended to his medical problems.

as being to "preserve the 'status quo' . . . to permit the court more effectively to remedy discerned wrongs"); <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3rd Cir. 1994) (explaining irreparable harm and its effect on the contours of preliminary injunctive relief).  To carry this burden, plaintiff must demonstrate:  "(1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest."  <u>Esso Standard Oil Co. v. Monroig-Zayas</u>, 445 F.3d 13, 18 (1st Cir. 2006) (discussing the requisite showing to obtain a preliminary injunction); <u>see</u> <u>also</u> <u>Ross-Simons of Warwick, Inc.</u>, 102 F.3d at 18-19 (explaining the burden of proof for a preliminary injunction).  If plaintiff is not able to show a likelihood of success on the merits, the remaining factors "become matters of idle curiosity," <u>id.</u>, insufficient to carry the weight of this extraordinary relief on their own.  <u>See</u> <u>Esso Standard Oil Co.</u>, 445 F.3d at 18 (the "<u>sine</u> <u>qua</u> <u>non</u> of this four-part inquiry is likelihood of success on the merits") (internal

quotation omitted).  Although likelihood of success is the critical factor, a preliminary injunction will not issue even if plaintiff is likely to succeed, unless plaintiff will also suffer irreparable harm without the requested injunctive relief.  <u>See</u> <u>Ross-Simons of Warwick, Inc.</u>, 102 F.3d at 19 ("the predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem").

Although plaintiff initially argued, in his motions, several different bases for a preliminary injunction, at the hearing he waived his requests to enjoin defendants from denying his right to access the NCF law library and from transferring him to another facility.  He now seeks injunctive relief only to stop the alleged retaliation, which he claims is evidenced by:  (1) the requirement that he complete three rehabilitative programs; and (2) his "C-3" security classification.  Plaintiff argues that both the rehabilitation programs and the classification status were imposed in retaliation for his having filed grievances against defendants.  Plaintiff asserts that he does not need the rehabilitation programs, and that they were not part of his initial sentence.  He argues that both his offense and his disciplinary record while incarcerated indicate that he should be

classified as a "C-2" inmate, which is a lower security level than the "C-3" level he has been designated. Plaintiff concluded that the rehabilitation program requirement and the C-3 classification were both preventing him from being considered for parole.[2]

Plaintiff completely failed to support his argument with any evidence. Both the documents and testimony adduced at the hearing demonstrated that neither the rehabilitation programs nor his classification were changes made in retaliation for plaintiff having filed grievance forms. To the contrary, the evidence clearly and consistently showed that from his initial intake evaluation at the NHSP, plaintiff was classified as a C-3 inmate and was advised to participate in all three rehabilitation programs he challenges here. See Defs.' Obj. to Pl.'s Req. for Prelim. Inj. ("Defs.' Obj."), Exs. G, H & I. Plaintiff's sentence also explicitly provided that "[Carey] is to participate meaningfully and complete any counseling, treatment and educational programs as directed by the correctional authority or Probation/Parole Officer." Pl.'s Mot. for Prelim. Inj., Ex. 4.

---

[2]Although plaintiff failed to articulate what was causing him irreparable harm, indulging the facts in his favor, it appears this purported denial of parole consideration is the irreparable harm he is suffering.

Other than plaintiff's bald accusations, nothing in the record supports his claim that the rehabilitation programs and classification level were imposed on him in retaliation for his filing of grievance forms against defendants.

The evidence also demonstrated that plaintiff has suffered no adverse consequence because of the rehabilitation program recommendations or his classification status, which would be necessary to succeed on his retaliation claim. See Mitchell v. Horn, 318 F.3d 523, 530 (3rd Cir. 2003) (stating elements of a claim for retaliation); see also Ferranti v. Moran, 618 F.2d 888, 892 (1st Cir. 1980) (explaining government official's retaliatory intent). Kimberly LaCasse, an administrator in the NHDOC classifications department, testified that an inmate is initially considered for parole based upon the minimum sentence imposed, not on his classification level, and that the parole board independently determines the inmate's eligibility for parole based on his record while incarcerated. Among the things the parole board considers are an inmate's participation, or refusal to participate, in rehabilitation programs, which the parole board will assess however the board deems most appropriate in any given case. LaCasse explained that these treatment programs were

only recommended to plaintiff, and that he has not been required to complete the programs. Because plaintiff may still be considered for parole without completing the recommended program, and because he has no constitutional right to parole, see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Hamm v. Latessa, 72 F.3d 947, 954-55 (1st Cir. 1995), plaintiff has not suffered any adverse consequence because of the recommendation that he participate in the rehabilitation programs or because he is classified at the C-3 security level.

Based on the record before the court, plaintiff is unlikely to succeed on his retaliation claim. However indulgently I construe the record, I cannot find any basis to find he is suffering irreparable harm by either his classification status or the recommendation he participate in rehabilitation programs. He has not been denied consideration for parole, and he is not entitled to be granted parole. The record fails to demonstrate any retaliatory intent on the part of defendants or any adverse consequence to plaintiff as a result of either condition about which he now complains. Plaintiff also has failed to make any showing that the requested injunction is necessary to prevent some irreparable harm that would interfere with a fair resolution

of the matter upon full adjudication.  Accordingly, there is no reason to impose the injunctive relief sought.

It bears noting that, independent of the merits of the plaintiff's underlying claims here, he is unlikely to succeed in this action.  It is apparent on the face of the complaint that it must be dismissed, because plaintiff has filed at least three other civil actions, in forma pauperis, which have been dismissed as frivolous, malicious, or because they failed to state a claim upon which relief my be granted.  See 28 U.S.C. § 1915(g) (precluding a prisoner from bringing a civil action in forma pauperis, "unless the prisoner is under imminent danger of serious physical injury," when the prisoner has had at least three prior actions dismissed because they were frivolous, malicious, or failed to state a claim)[3]; see also Jones Bey v. Johnson, 407 F.3d 801, 809 n.8 (6th Cir. 2005) (explaining how the "three strikes rule" bars a prisoner from bringing another civil action unless he is in imminent danger or pays the filing fee); see also Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir.

---

[3]Those actions are: Carey v. Merrimack County Attorney, Civil No. 05-357-SM, Carey v. Hillsborough County Dep't of Corr., Civil No. 05-442-PB, Carey v. Winguay, Civil No. 06-262-SM. Other cases have been dismissed on summary judgment. See e.g. Carey v. O'Mara, Civil No. 05-274-PB, Memorandum and Order (D.N.H. Aug. 29, 2007).

2002) (citing authority to explain that § 1915(g) does not give the trial court discretion to waive the filing fee requirement even if the claims are substantial when the in forma pauperis plaintiff has already been dismissed three times); see also Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997) (distinguishing habeas petitions from § 1915(g)'s limit on groundless civil actions).

## Conclusion

For all the reasons set forth above, I recommend that the motions for preliminary injunction (document nos. 3 & 9) be denied.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  August 31, 2007
cc:  William J. Carey, pro se
     Nancy J. Smith, Esq.